# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO BETHEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0655-WS-C |
| ) | |
| THE UNIVERSITY OF SOUTH ) | |
| ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the undersigned *sua sponte*.

On December 2, 2010, the undersigned entered an Order (doc. 3) explaining that the *pro se* plaintiffs' Complaint was defective in several respects. In particular, the December 2 Order observed that plaintiffs had neither paid the requisite $350 filing fee nor submitted an application to proceed *in forma pauperis*, that they had not filed completed proposed summonses, that their Complaint was a classic example of a prohibited "shotgun pleading," and that the Complaint improperly injected abusive and inflammatory rhetoric. On that basis, the December 2 Order ordered plaintiffs, "on or before **December 20, 2010**, to perform the following corrective measures:" (i) to pay the filing fee or submit a fully completed IFP petition for each plaintiff; (ii) to submit for filing either completed proposed summonses for every defendant or proposed waiver of service letters for every defendant; (iii) to submit for filing a list of all cases they have previously filed arising from the same facts and all cases they have previously filed against any named defendant herein; and (iv) to file an Amended Complaint that corrected the "shotgun pleading" deficiency and eliminated all abusive name-calling directed at any person. (Doc. 3, at 2.)

The December 2 Order concluded with the following stern admonition:

> "In light of their *pro se* status and their lengthy track record of disregarding court orders, plaintiffs are cautioned that **failure to comply fully with this Order in a timely manner will result in imposition of sanctions, including dismissal of**

> **the Complaint for failure to prosecute and failure to comply with court orders**."

(Doc. 3, at 2.)

A copy of the December 2 Order was mailed to plaintiff Orlando Bethel at his address of record, and electronic notice of the December 2 Order was transmitted to plaintiff Glynis Bethel at each of the six e-mail addresses she furnished to the Clerk of Court for the purpose of receiving electronic notifications of court activity in this case. The record is thus abundantly clear that plaintiffs received actual notice of the December 2 Order and their accompanying obligations to comply with its directives on or before the December 20 deadline.

Despite the very clear instructions set forth in the December 2 Order, and the unequivocal, bold-type warning that their claims would be dismissed in the event of noncompliance, plaintiffs failed to file the required materials prior to the court-established deadline. Indeed, the court file reflects no filing activity of any kind following the December 2 Order, and the undersigned's chambers have received no communications from plaintiffs or anyone purporting to represent them in this matter. By all appearances, the Bethels simply elected not to acknowledge or respond to the December 2 Order, despite actual notice of the adverse consequences of such an omission.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The December 2 Order was reasonable and well-grounded in law, yet the Bethels ignored it, despite having been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir.

1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute). These factors are present in this case.

The Court specifically notified the Bethels that they must file certain required materials on or before December 20, 2010. The Court likewise admonished plaintiffs in the plainest of terms that failure to respond in a timely manner would result in dismissal of their claims. Yet the Bethels did not file a timely response. They did not file anything. They did not request an extension of time. They did not contact the Court or Clerk's Office to seek relief from the strict terms of the December 2 Order.

Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss plaintiffs' claims for failure to prosecute and for failure to abide by the orders of this Court. Accordingly, this action is **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P.

DONE and ORDERED this 29th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE